SAMUEL SCOVILL *vs.* LYMAN KINSLEY & another.

Relief in equity may be had by A against B and C, for nonperformance of an agreement in writing, by which A, with B's consent, assigned to C all A's share in a partnership between A and B; B and C covenanted to assume the debts of that firm; and A and B agreed with C that such debts should not exceed a certain amount.

In a suit in equity by an outgoing partner, for the nonperformance of an agreement by his copartner and a new member of the firm, to assume and pay the debts of the old firm to a certain amount, which the members of the old firm have agreed such debts shall not exceed, the plaintiff need not aver that the defendants have paid debts to that amount.

ACTION OF CONTRACT, praying for relief in equity under *St.* 1853, *c.* 371, against Lyman Kinsley and Mason S. Palmer.

The declaration set forth an instrument under seal, dated the 21st of December 1853, between Kinsley, as party of the first part, Scovill, as party of the second part, and Palmer and Scovill, as party of the third part, by which Scovill, with the consent of Palmer, assigned and transferred to Kinsley all Scovill's interest in a lease from the Briggs Iron Company to Palmer & Scovill, and in all the partnership property of that firm; and Kinsley, in consideration of said sale and assignment, " covenants and agrees with said Scovill to pay him the sum of eighty one hundred dollars on demand, with interest from the first day of December 1853; and further agrees and covenants to assume with said Palmer all the debts, contracts, claims and liabilities against the said Palmer & Scovill, of whatever name or nature, which existed on the first of December 1853, and which had their origin in and went to the benefit of any of the transactions under said lease, as a partnership concern, and to hold said Scovill harmless therefrom; " and Palmer and Scovill covenanted and agreed with Kinsley that the aggregate amount of such debts, liabilities and claims did not and should not exceed the sum of eighteen thousand dollars, and that Kinsley should not be liable beyond that amount; that all accounts of Palmer & Scovill should be adjusted and settled within sixty days from the date of the instrument; and that no persons

1 *

employed by Palmer & Scovill should be paid for past services above a certain rate.

The declaration then alleged that at the date of this instrument there was due and owing from the firm of Palmer & Scovill to the plaintiff the sum of four thousand dollars, part of the sum of eighteen thousand dollars mentioned in the instrument, and that " by force of said instrument, and in virtue of the obligations devolving on said Palmer," the defendants became liable to pay the plaintiff this amount of four thousand dollars ; but had neglected so to do, and had also neglected to settle and adjust the claims and accounts of Scovill within sixty days from the date of the agreement; and that the defendants had overpaid for past services rendered to Palmer & Scovill, and had made other excessive payments, amounting in all to the sum of four thousand dollars.

The declaration prayed for due relief in equity, for an exhibit of all the alleged claims or debts against Palmer & Scovill, required to be paid as provided in the agreement, and for further relief.

The defendants demurred to the declaration, because it did " not state a cause of action at law or in equity, substantially in accordance with the provisions of the practice act of 1852, and of the act of 1853, *c.* 371, giving equitable remedies in suits at law : 1. Because said declaration does not disclose a case within the equitable jurisdiction of this court; 2. Because, if the court can entertain jurisdiction of said suit at law, then the declaration should allege that said defendants had not paid and were not liable to pay just debts of Palmer & Scovill under said agreement, amounting to eighteen thousand dollars."

This demurrer was argued at Lenox at September term 1858.

*J. D. Colt*, for the defendants.

*I. Sumner*, for the plaintiff.

DEWEY, J.    The nature of this contract, and the liabilities to be adjusted in this suit founded thereon, present a case falling within the provisions of the Rev. Sts. *c.* 81, § 8, and *St.* 1853, *c.* 371, by which the present form of action is authorized in cases where there are more than two parties having distinct rights and interests.

At the hearing of this cause, questions must arise as to the amount of the debts due from the late firm of Palmer & Scovill, in reference to which questions Palmer has an interest, as well as Scovill and Kinsley. Although the covenant to pay these outstanding debts seems to have been made more directly by Kinsley, and an ordinary action at law upon this instrument might be confined to him as the party defendant, yet we cannot doubt that in this form of action, where relief is sought in equity, Palmer is properly made a party.

It is no sufficient objection to the maintenance of this action, that the plaintiff does not more distinctly negative the existence of debts against the late firm of Palmer & Scovill to an amount exceeding eighteen thousand dollars. That provision will avail the defendant Kinsley in his defence. The effect of it is to secure Kinsley that " he shall not be bound to assume any responsibility, or be liable for any sum exceeding eighteen thousand dollars," and this is the form in which it appears in the contract. *Demurrer overruled.*